RECEIVED
IN LAKE CHARLES, LA

MAR 16 2010

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CHURCH MUTUAL INSURANCE COMPANY | : | DOCKET NO. 09-1464 |
| VS. | : | JUDGE TRIMBLE |
| KIMBERLY LYNN HEBERT, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE SUCCESSION OF PATRICK ERASTE HEBERT AND DONNA KELLY, AS TUTRIX OF HER MINOR DAUGHTER, KELSEY ANN LEIDIG-HEBERT | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is a "Motion for Relief Under Federal Rule of Civil Procedure Article 12b(1)(6)(7)" (doc. #10) filed by defendants, Kimberly Lynn Hebert, Individually and as Administratrix of the Succession of Patrick Eraste Hebert and Donna Kelly, as Tutrix of her Minor Daughter, Kelsey Ann Leidig-Hebert, wherein the movers seek to have this matter dismissed because Plaintiff, Church Mutual Insurance Company ("Church Mutual") allegedly failed to properly join parties and for failure to state a claim on which relief can be granted.

## STATEMENT OF FACTUAL ALLEGATIONS

Church Mutual filed this declaratory action pursuant to 28 U.S.C. § 2201 *et seq.* and Federal Rule of Civil Procedure 57 for this Court to declare the parties' respective rights and obligations under a certain church insurance policy by which Defendants seek coverage.

On December 15, 2008, Reverend Wayne Dartez hired Patrick Eraste Hebert, a local hunting

and fishing guide, to take him, his son-in-law and nephew duck hunting. During the course of the hunt, Rev. Dartez accidentally shot and killed Mr. Hebert. At the time of the accident, Rev. Dartez was and still is the Pastor of Victory Baptist Church. Church Mutual issued a policy of insurance to Victory Baptist Church. Defendants have made claims against Church Mutual alleging that certain policy language makes the insurer liable for the death of Hebert.

The defendants are the surviving spouse (Kimberly Hebert) and a minor child (represented by Donna Kelly) of Mr. Hebert. After this declaratory action was filed, Mrs. Hebert filed a Petition for Wrongful Death in the 38th Judicial District Court for the Parish of Cameron, Louisiana. The *Hebert* suit arises out of the same operative facts as the instant Complaint for Declaratory Relief. On January 13, 2010, Sammidean Eats, LLC, ("Sammidean") filed a "Petition of Intervention and Declaratory Action"[1] wherein the Intervenor asserted that it had been made a defendant in the *Hebert* suit because of allegations that at the time of the accident, Rev. Dartez was the owner of Sammidean Eats, LLC making him responsible under *respondeat superior*. In its Petition, Sammidean prays for a judgment declaring that these Defendants do not have a claim, cause or right of action against it that arose out of the hunting accident. The petition for intervention was granted on February 3, 2010 by Magistrate Judge Kay.[2] On February 3, 2010, the State District Court, by consent of the parties, stayed those proceedings pending the outcome of this Declaratory Judgment Action.

Church Mutual alleges that Rev. Dartez's hunting trip was unrelated to his employment duties as Pastor, and furthermore, he was not acting within the course and scope of his employment as Pastor of the Church. The purpose of this declaratory action is to determine if there is coverage

---

[1] Doc. #9.

[2] Doc. #15.

for the death of Hebert that resulted from the hunting accident. The motion before the Court, filed by Defendants, seeks to have this Court dismiss this declaratory action because (1) Church Mutual, failed to join indispensable parties, namely, Victory Baptist Church and the alleged tortfeasor, Rev. Dartez, and (2) for failure to state a cause of action.

## LAW AND ANALYSIS

Defendants maintain that it is obvious that Petitioners are attempting to circumvent the jurisdictional requirements of diversity by failing to join their insured (Victory Baptist) to this action. They then argue that if Rev. Dartez, a Louisiana citizen, and Victory Baptist, a non-profit organization of the State of Louisiana, were to be joined, diversity would be incomplete. Defendants remark that the state court proceeding should be able to rule on the coverage issues. Defendants cite Federal Rule of Civil Procedure 12(b)(1)(6)(7) to support their position. Rule 12(b)(7) refers to failure to join a party under Rule 19.[3]

---

[3] Rule 19 provides the pertinent language as following:

**(a) Persons Required to Be Joined if Feasible.**

    **(1) *Required Party*.** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

        **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
        **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
            **(i)** as a practical matter impair or impeded the person's ability to protect the interest; or
            **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

28 U.S.C. § 1332 provides that federal courts shall have jurisdiction over matters based upon diversity of citizenship. A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.[4] Church Mutual is incorporated in the State of Wisconsin and its principle place of business is in Wisconsin. Victory Baptist is a citizen of the State of Louisiana. If Victory Baptist was added and aligned as a defendant, the two parties would be completely diverse. However, if Victory Baptist was added and aligned as a Plaintiff, then diversity would be destroyed because the Defendants in this action are citizens of the State of Louisiana. Defendants fail to address whether Victory Baptist or Rev. Dartez should be named as plaintiffs or defendants.

Church Mutual maintains that joining these parties is not necessary for this declaratory action, and even if it was necessary, Victory Baptist would be properly aligned as a defendant because Church Mutual has sought an order from the Court denying coverage. Therefore, joining Victory Baptist to this action would not frustrate diversity.

Defendants in this action have asserted that Church Mutual issued a policy of insurance to Victory Baptist, and that such policy was in full force and effect at the time of the incident upon which the underlying tort suit is based.[5] Church Mutual asserts that only the Defendants have sought coverage, not Victory Baptist. Thus, Church Mutual argues that Federal Rule of Civil Procedure 19 does not require that Victory Baptist be joined or named as a party. The Court agrees. In their memorandum in support of the motion to dismiss, Plaintiffs have failed to establish or convince this

---

[4] 28 U.S.C. § 1332(c).

[5] *Kimberly Hebert, et al v. Wayne Dartez, et al,* Case No. 10-18555, 38th Judicial District Court, Cameron Parish, Louisiana.

Court that Victory Baptist and/or Rev. Dartez must be joined as parties to this declaratory action. Plaintiffs further fail to address how these potential parties should be joined, either as plaintiffs or defendants. Furthermore, Plaintiffs have failed to show why Church Mutual has failed to state a cause of action.

This Court's ruling as to coverage will not determine liability and does not require that Victory Baptist be joined as an indispensable party. 28 U.S.C. § 1332 grants federal courts jurisdiction over matter based upon diversity of citizenship when a plaintiff and defendant are citizens of different states. Church Mutual argues that it is not required to share the state citizenship of its insured for purposes of this litigation. Church Mutual is correct. Unless this action is a direct action suit pursuant to Louisiana's Direct Action Statute, a corporation is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.[6] There is substantial jurisprudence that recognizes that a declaratory action filed to determine only insurance policy coverage issues is not a direct action suit which would require that the insurer be deemed to be a citizen of the state of its insured.[7]

Church Mutual was incorporated under the laws of Wisconsin and has its principle place of business in Wisconsin. Defendants are citizens of Louisiana. These parties are completely diverse. Accordingly, this Court has jurisdiction over this declaratory action.

## CONCLUSION

For the reasons set forth above, the motion to dismiss will be denied.

---

[6] 28 U.S.C.A. § 1332(c).

[7] *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185 (5th Cir. 1988); *Dairyland Ins. Co. v. Makover*, 654 F.2d 1120 (5th Cir. Unit B Sept. 1981); *Government Employees Ins. Co. v. LeBleu*, 272 F.Supp. 421 (E.D. La. 1967).

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this _16th_ day of March, 2010.

*[signature]*

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE